**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**KENDRA K. BLACKETT-DIBINGA,**

*Plaintiff*,

**v.**

**EQUIFAX INFORMATION SERVICES, LLC, *et al.***

*Defendants*.

**CASE NO.**

# NOTICE OF REMOVAL OF ACTION

Defendant Experian Information Solutions, Inc. ("Experian") hereby removes this action from the Superior Court of the District of Columbia, Case No. 2026-CAB-005442, to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. In support of this Notice of Removal, Experian states as follows:

## I. INTRODUCTION

1. Plaintiff Kendra K. Blackett-Dibinga ("Plaintiff") commenced this action in the Superior Court of the District of Columbia on August 4, 2026, by filing a Complaint captioned *Kendra K. Blackett-Dibinga v. Equifax Information Services LLC, et al.*, Case No. 2026-CAB-005442, against Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union LLC, Carrington Mortgage Services, LLC, Volvo Car Financial Services U.S. LLC, Citizens Bank, N.A., Pennsylvania Higher Education Assistance Agency (d/b/a American Education Services and AES/GOAL Financial), Capital One, N.A., Successor by Merger to Discover Bank, and American Express National Bank.

2. Plaintiff purports to assert claims arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and/or claims over which this Court has original or supplemental jurisdiction.

3. Removal is proper because this Court has subject-matter jurisdiction, venue is proper in this District, and this Notice is timely filed.

## II. BASIS FOR FEDERAL JURISDICTION

4. **Federal Question Jurisdiction.** This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* Federal courts have original jurisdiction of all cases that arise under federal law, and such cases are explicitly within this Court's removal jurisdiction. *See* 28 U.S.C. § 1441(b).

5. **Supplemental Jurisdiction.** To the extent Plaintiff asserts state law claims, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal FCRA claims. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005).

## III. VENUE

6. Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a) because the Superior Court of the District of Columbia is located within the District of Columbia.

## IV. TIMELINESS OF REMOVAL

7. Experian was served with the Summons and Complaint on August 28, 2026, via CT Corporation System. This Notice of Removal is filed within thirty days after Experian's receipt, through service or otherwise, of the initial pleading or other paper from which removability could first be ascertained. *See* 28 U.S.C. § 1446(b).

## V. ADDITIONAL PROCEDURAL REQUIREMENTS

8. **State-court papers.** Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Experian in the state-court action are attached as Exhibit A.

9. **Consent.** All defendants that have been properly joined and served consent to removal. Consent notices from each co-defendant are attached as Exhibit B.

10. **Notice to adverse parties and state court.** Promptly after filing this Notice, Experian will give written notice to all adverse parties and file a copy of the Notice of Removal with the clerk of the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

## VI. RESERVATION OF RIGHTS AND DEFENSES

11. Experian reserves all rights, claims, defenses, and objections, including without limitation any defenses under Federal Rule of Civil Procedure 12 and any right to compel arbitration, challenge venue, seek transfer, oppose remand, or amend or supplement this Notice of Removal.

**WHEREFORE**, Experian respectfully removes this action from the Superior Court of the District of Columbia to this Court and requests that this Court assume jurisdiction over the action and grant such further relief as the Court deems just and proper.

Dated: September 18, 2026

Respectfully submitted,

*/s/ Miriam Weinstock*
Miriam Weinstock (D.C. Bar No. 90018519)
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7504
(410) 244-7742 (fax)
MWeinstock@venable.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of September, 2026, a copy of the foregoing Notice of Removal was served upon all counsel of record via this Court's electronic filing system (CM/ECF). I further certify that a copy of the foregoing was sent via U.S. Mail to the following parties:

KENDRA K. BLACKETT-DIBINGA
2724 Knox Terrace SE
Washington, D.C. 20020
Plaintiff, pro se

*/s/ Miriam Weinstock*
Miriam Weinstock